# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dell Layfette Carter, # 226198, | ) C/A No. 3:06-1192-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Gene Ervin, Administrator; | ) |
| Gwen Batley, RN; | ) |
| Jeffrey Anderson; | )      Report and Recommendation |
| Jim Lyon; | ) |
| Thomas Caldwell; | ) |
| John Workman, Jr.; | ) |
| Teddy Melton; | ) |
| John Mortimer; | ) |
| William Sherer; | ) |
| Tiny Gant; | ) |
| Officer Stack; | ) |
| B.T. McNeely; | |
| Terry Millar, Lawyer; | |
| D. L. Oates; | |
| Dr. Stiver; | |
| Dr. Gaster, | |
| Defendants. | |

_____

The plaintiff is an inmate at the Evans Correctional Institution. He has filed this matter pursuant to 42 U.S.C. § 1983 against sixteen (16) defendants alleging two causes of action: "medical negligence" and excessive force. Specifically, he claims that the State will not "finish" a surgery because the plaintiff cannot pay for it. He also alleges that the "County claimed ...it was the responsibility of the State to pay....after [he] was unlawfully convicted" in 1995. The plaintiff also

1

Dockets.Justia.com

alleges he was "physically attacked, and choked...while [he] was being held by 4 other jailer (sic) based on a lie like I would not go back in my cell." Plaintiff alleges he was handcuffed and placed in a restraint chair in a locked cell. He said he was denied a hearing on both incidents. He alleges these incidents are "revenge" for a past lawsuit. In his complaint the plaintiff states there is a prison grievance procedure but he alleges he did not avail himself of the same.

He seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915 (as amended); 28 U.S.C. § 1915A; and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir., September 15, 1995)(*en banc*), *cert. denied*, 64 U.S.L.W. 3623, 134 L.Ed.2d 219, 116 S.Ct. 1273 (U.S., March 18, 1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less

stringent standard, the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

It is not necessary for the Court to reach the issues presented in the above-captioned matter as it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation Reform Act].[1] See Civil Action No. 3:98-3761; Civil Action No. 3:99-1484; Civil Action No. 3:99-1800; Civil Action No. 3:99-1813; Civil Action No. 3:00-0423; Civil Action No. 3:00-0525; Civil Action No. 3:00-1823; Civil Action No. 3:02-1682; Civil Action 3:02-2014; and Civil Action No. 3:03-0011. The undersigned does not find that the Plaintiff's claims herein fall within the "physical injury" exception to the "Three Strikes" Rule; therefore, Plaintiff's case is subject to dismissal under that Rule. 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-420 (10th Cir. 1996) [three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively]; cf. In re Sargent, No. 96-7113, __ F.3d __ 1998 WL 57546 (4th Cir. February 13, 1998).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-

---

[1] 28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. ***The plaintiff's attention is directed to the important notice on the next page.***

<div style="margin-left: 40%;">

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

</div>

April 26, 2006
Columbia, South Carolina

<div style="text-align:center;">4</div>

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious** Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

<div align="center">
Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina  29201
</div>